T.C. Memo. 1999-59

UNITED STATES TAX COURT

ROBERT J. GEIGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3665-97.                          Filed March 1, 1999.

Robert J. Geiger, pro se.

<u>Alan S. Kline</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code of 1986, as amended and in effect at the time the petition was filed, and Rules 180, 181, and 182.  Subsequent section references are to the Internal Revenue Code in effect for 1992. Rule references are to the Tax Court Rules of Practice and Procedure.

In a notice of deficiency issued to petitioner on November 20, 1996, respondent determined a deficiency in his 1992 Federal income tax in the amount of $1,951, and an addition to tax under section 6651(a)(1) in the amount of $488.

The issues for decision are:  (1) Whether various items of income attributed to petitioner in the notice of deficiency must be included in his 1992 income; (2) whether petitioner is liable for the 10-percent additional tax imposed by section 72(t) with respect to a distribution from a qualified retirement plan; (3) whether petitioner, who did not file a 1992 Federal income tax return, is liable for the addition to tax under section 6651(a)(1) for his failure to do so; and (4) whether a penalty under section 6673(a) should be imposed upon petitioner.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner was born on July 16, 1947.  He was 45 years old and married as of the close of 1992.  He resided in Bethlehem, Pennsylvania, at the time the petition was filed.

Petitioner graduated from Wittenberg University in 1970.  He majored in business administration, a curriculum that included accounting courses.  Apparently, after graduating from college, petitioner served in the U.S. Army for a period of time.

In 1972 petitioner began working for Geiger's Beverage, Incorporated (Geiger's), a family owned corporation engaged in the business of malt beverage distribution.  Petitioner was employed by Geiger's from 1972 until 1987 or 1988.  During some

or all of that time, he served as Geiger's treasurer. His day-to-day responsibilities included managing Geiger's warehouse and routing functions.

Geiger's stock was owned by petitioner, his brother Michael Geiger (Geiger's secretary), his mother Alma Geiger (Geiger's president), and his sister Janice Lee Costner (Geiger's vice president). The spouses of the Geiger siblings also held some interest in Geiger's as well.

In 1988, all of the assets of Geiger's were purchased by Linda K. Woodward, Incorporated. Petitioner's employment with Geiger's was terminated as a result.

After the sale of its assets, Geiger's adopted a 5-year plan of liquidation. The final distributions in liquidation were made to its shareholders during 1992. After reviewing certain of Geiger's books and records, petitioner's brother computed the appropriate amounts of distributions in liquidation, and on December 12, 1992, prepared the Form 1096 and Forms 1099 regarding the distributions. Petitioner's mother was responsible for making the distributions. In calculating the amount of distributions due to his siblings, petitioner's brother included the share holdings of their spouses. Consequently, only four Forms 1099 were generated; one for each Geiger sibling, and one for petitioner's mother.

In 1992, as reflected in Geiger's books and records, the corporation made a $15,282 distribution in liquidation to petitioner, as one of its shareholders.

During 1992, petitioner maintained an interest bearing checking account at the First Valley Bank. For years prior to the year in issue, he received refunds of Federal income taxes, sometimes amounting to thousands of dollars.

Respondent's Information Return Master File (IRMF) transcript indicates that several payors issued information returns to petitioner for the taxable year 1992 as follows:

| Payor | Form | Type of income | Amount |
|-------|------|------|--------|
| Geiger's Bvgs., Inc. | 1099B | S-T cap. gains | $15,282 |
| First Valley Bank | 1099-INT | Interest | 34 |
| U.S. Treasury Dept. | 1099-INT | Interest | 16 |
| Manufacturer's Life | 1099R | Taxable distr. | 1,771 |

In the notice of deficiency issued to petitioner on November 20, 1996, respondent determined that petitioner must include the above items of income (the items of income) in his 1992 income. In computing his 1992 taxable income, respondent took the items of income into account and allowed petitioner a personal exemption deduction and the standard deduction appropriate for a married individual who files a separate return. Petitioner's 1992 Federal income tax liability and the deficiency here in dispute were computed by application of the applicable rate of Federal income tax to petitioner's taxable income and adding to that amount the additional tax imposed by section 72(t) on the distribution from Manufacturer's Life. Respondent further determined that petitioner is liable for the addition to tax under section 6651(a) for his failure to file a 1992 Federal income tax return.

OPINION

Petitioner does not deny receipt of any of the items of income.  Nor does he claim that any particular item of income has been overstated or should be reduced either on technical or factual grounds.  Furthermore, he does not claim entitlement to deductions or credits not already allowed in the notice of deficiency, and he does not contend that respondent erred in determining his filing status.

Petitioner is aware and understands that, in general, determinations made by the Commissioner in a notice of deficiency are presumptively correct, and the taxpayer has the burden of proving them in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, relying upon cases such as Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. in part, revg. in part and remanding T.C. Memo. 1990-68; Anastasato v. Commissioner, 794 F.2d 884 (3d Cir. 1986), vacating and remanding T.C. Memo. 1985-101; and Gerardo v. Commissioner, 552 F.2d 549 (3d Cir. 1977), affg. in part, revg. in part and remanding T.C. Memo. 1975-341, petitioner takes the position that the determinations made in the notice of deficiency in this case are arbitrary and excessive, and therefore the determinations are not entitled to a presumption of correctness.  Petitioner goes on to argue that without the presumption of correctness, the determinations made in the notice of deficiency cannot be sustained.  According to petitioner, the determinations are invalid because they are based upon "naked assertions".

During his presentation at trial and in his brief, petitioner correctly (more or less) recited the general principles that govern the burden of proof in deficiency proceedings.  However, he mistakenly proceeded as though those principles relieved him of his burden of proof in this case.

Unlike taxpayers in Portillo v. Commissioner, supra, Anastasato v. Commissioner, supra, and Gerardo v. Commissioner, supra, who denied receipt of all, or portions of, certain income charged to each in notices of deficiency, petitioner has not denied, either in a pleading or in his testimony, that he received any of the items of income.  Unsupported by such a denial, his claim that respondent's determination is arbitrary and excessive is itself nothing more than a "naked assertion" that does not entitle him to the relief from the burden of proof that he seeks.  Because petitioner did not deny receipt of some or all of the items of income, or point to some other error made in the notice of deficiency, we fail to see how respondent's determinations could be arbitrary and excessive.  See White v. Commissioner, T.C. Memo. 1997-459.

There is insufficient evidence in the record to apply the body of law established in the line of cases upon which petitioner relies.  Petitioner's case-in-chief amounted to little more than his testimony that he could not remember whether he received any of the items of income.  As we advised petitioner at trial, we consider his testimony in this regard incredible given his educational background and apparent good health.  As

recognized by other Federal courts, we understand the difficulties encountered in proving a negative; however, if petitioner did not receive any of the items of income, we would expect that, at the very least, he would tell us so. See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Nevertheless, to the extent that respondent had an obligation to link petitioner to the income-generating activities relating to the items of income, he has satisfied that obligation through the introduction of predicate evidence. Absent some showing by petitioner as to how the distribution in liquidation should have been divided between himself and his spouse, there is no basis for making any apportionment. In any case, the presumption of correctness to which the Commissioner is normally entitled remains intact in this case.

The burden of proof in this case is upon petitioner. Rule 142(a); Welch v. Helvering, supra at 115. His testimony that he cannot remember any of the relevant transactions that gave rise to the items of income is insufficient to satisfy his burden of proof. Because he has failed to meet that burden, the determinations made in the notice of deficiency, including the additional tax imposed by section 72(t) and the addition to tax under section 6651(a) are sustained.

By motion made at the conclusion of trial, respondent requests the Court to impose a penalty on petitioner under section 6673(a).  Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay a penalty not to exceed $25,000 if the proceedings have been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in such proceeding is frivolous or groundless.  Sec. 6673(a)(1)(A) and (B).  A position maintained by the taxpayer is "frivolous" where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

Petitioner's pretrial correspondence to respondent contained arguments that are typically deemed frivolous for purposes of section 6673(a).  The objectionable arguments, however, are contained in documents introduced into evidence not by petitioner, but by respondent.  Petitioner's position in this case focused almost entirely on issues related to the burden of proof, demonstrated by his ill-fated strategy to proceed as though it did not rest with him.  Although we consider petitioner's position on the point to be tenuous, we do not consider it to be frivolous within the meaning of section 6673(a).  Respondent's motion for a penalty under that section will therefore be denied.

To reflect the foregoing,

An appropriate order and decision will be entered.